# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs September 9, 2003

## STATE OF TENNESSEE v. DWIGHT MILLER

**Direct Appeal from the Circuit Court for Haywood County**
**No. 2401    L. T. Lafferty, Judge**

---

**No. W2001-03095-CCA-R3-CD  - Filed January 14, 2004**

---

The appellant, Dwight Miller, was convicted of first degree murder and sentenced to life in prison in 1996.  On December 29, 1998, this Court reversed the judgment of the trial court and remanded the case to the Haywood County Circuit Court for a new trial.  See State v. Dwight Miller, No. 02C01-9708-CC-00300, 1998 WL 902592 (Tenn. Crim. App. at Jackson, Dec. 29, 1998).  At the conclusion of the second trial, appellant was convicted again by a jury of first degree murder and sentenced to life in prison.  The issues presented for our review include: (1) whether the trial court erred in permitting the prior recorded testimony of a witness to be read into the record; (2) whether the trial court erred in failing to grant a mistrial after a bomb threat occurred during the course of the trial; and (3) whether the evidence is sufficient to sustain the conviction for first degree murder. Appellate review is available for the sufficiency of the evidence despite the appellant's failure to file a timely motion for new trial under Tennessee Rule of Criminal Procedure 33(b).  The review of the issues, however, is also dependent upon either a timely filed notice of appeal, or in the interest of justice, a waiver of the timely filing of a notice of appeal pursuant to Tennessee Rule of Appellate Procedure 4(a).  Because the appellant filed an untimely motion for a new trial, his notice of appeal is likewise tardy.  Additionally, the appellant has not sought a waiver of the timely filing of the notice of appeal.  Under these circumstances we conclude that the appellant has waived review of these issues on appeal.  Nevertheless, we have in the interest of justice, reviewed the primary issue of the sufficiency of the evidence.  The evidence is more than sufficient to support the verdict of the jury.  Accordingly, the judgment of the trial court is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Trial Court is Affirmed.**

JERRY L. SMITH, J., delivered the opinion of the court, in which GARY R. WADE, P.J.,and JOE G. RILEY, J., joined.

Clifford K. McGown, Jr., on appeal, Waverly, Tennessee; Tom Crider, District Public Defender; and Perianne Houghton, Assistant Public Defender, at trial and on appeal, Trenton, Tennessee, for the appellant, Dwight Miller.

Paul G. Summers, Attorney General & Reporter; Thomas E. Williams, III, Assistant Attorney General; Clayburn L. Peeples, District Attorney General; and Gary Brown, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

Factual Background

In the early morning hours of April 20, 1995, the appellant and Donald Rice were sitting in their cars, which were parked driver's window to driver's window, outside a housing project in Brownsville, Tennessee. Both vehicles were burgundy or maroon with four doors. Clement Harris, who was sitting outside the housing project at the time, heard the appellant and Mr. Rice talking. Mr. Harris knew the appellant from school and was able to recognize his voice when he heard him speak with Mr. Rice. After the conversation ended, Mr. Harris saw Mr. Rice begin to back his car away from the area. As Mr. Rice backed up, a gun was fired from the appellant's car, fatally shooting Mr. Rice in the face. After the shooting, the appellant got out of his car, got into Mr. Rice's car, pushed Mr. Rice over, and drove Mr. Rice's car away. A passenger in the appellant's car slid over to the driver's seat and followed the appellant. Mr. Rice's body was subsequently discovered in a ditch, and his abandoned car was later found by the police.

On the day prior to the murder, Nina Champion,[1] an acquaintance of the appellant, saw shotgun shells in the backseat of the appellant's car and a shotgun in the trunk of his car. Officer Johnny Blackburn of the Brownsville Police Department testified that he searched the appellant's bedroom after the murder and found a shotgun that smelled of gunpowder as well as a live, red 12-gauge shotgun shell on a night table, and a spent, red 12-gauge shotgun shell in a shoe under the table. The shells were of the same type and size shot found in the body of Mr. Rice.

The medical examiner testified that Mr. Rice died as a result of a shotgun wound to the head.

Waiver of Issues on Appeal

The judgment in this case was entered on August 20, 2001 and the motion for new trial was not filed until September 28, 2001, nine days beyond the filing deadline provided by law. See Tenn. R. Crim. P. 33(b). This filing deadline is mandatory, jurisdictional, and may not be extended. Tenn. R. Crim. P. 45(b); State v. Martin, 940 S.W.2d 435, 550 (Tenn. Crim. App. 1997). Because the untimely filing of a motion for new trial does not toll the time for filing a notice of appeal, a late filed motion for new trial will generally result in an untimely notice of appeal. State v. Patterson, 966

---

[1] Ms. Champion was deceased at the time of the second trial, but her testimony from the first trial was read into the record.

S.W.2d 435, 440 (Tenn. Crim. App. 1997); State v. Davis, 748 S.W.2d 206, 207 (Tenn. Crim. App. 1987).  In the case herein, the trial court denied the untimely motion for new trial on November 20, 2001, and the appellant filed an untimely notice of appeal on December 20, 2001.

Although the issue of the sufficiency of the evidence need not be raised in a motion for new trial in order to secure appellate review, see State v. Boxley, 76 S.W.3d 381 (Tenn. Crim. App. 2001), there is no automatic appeal of this issue to this Court.  Either the timely filing of a notice of appeal must occur, or a waiver of the timely filing of a notice of appeal must be obtained from this Court in order to perfect an appeal.  Tenn. R. App. P. 4(a).

It is clear, as noted in the State's brief, that the filing of the notice of appeal herein is untimely.  It is equally clear that, despite receipt of the State's brief pointing out that the appellant filed an untimely motion for new trial and untimely notice of appeal, the appellant at this late date has not sought a waiver of the timely filing requirement in the "interest of justice" pursuant to Tennessee Rule of Appellate Procedure 4(a).  Given the failure of the appellant to remedy the untimeliness of the motion for new trial and/or notice of appeal, we conclude that he has waived the issues presented for review.  As noted, however, we will address the question of the sufficiency of the evidence in the interest of justice.

### Sufficiency of the Evidence

When a defendant challenges the sufficiency of the evidence, this Court is obliged to review that claim according to certain well-settled principles.  A verdict of guilty, rendered by a jury and "approved by the trial judge, accredits the testimony of the" State's witnesses and resolves all conflicts in the testimony in favor of the State.  State v. Cazes, 875 S.W.2d 253, 259 (Tenn. 1994); State v. Harris, 839 S.W.2d 54, 75 (Tenn. 1992).  Thus, although the accused is originally cloaked with a presumption of innocence, the jury verdict of guilty removes this presumption "and replaces it with one of guilt."  State v. Tuggle, 639 S.W.2d 913, 914 (Tenn. 1982).  Hence, on appeal, the burden of proof rests with the defendant to demonstrate the insufficiency of the convicting evidence. Id.  The relevant question the reviewing court must answer is whether any rational trier of fact could have found the accused guilty of every element of the offense beyond a reasonable doubt.  See Tenn. R. App. P. 13(e); Harris, 839 S.W.2d at 75.  In making this decision, we are to accord the State "the strongest legitimate view of the evidence as well as all reasonable and legitimate inferences that may be drawn therefrom."  See Tuggle, 639 S.W.2d at 914.  As such, this Court is precluded from re-weighing or reconsidering the evidence when evaluating the convicting proof.  State v. Morgan, 929 S.W.2d 380, 383 (Tenn. Crim. App. 1996); State v. Matthews, 805 S.W.2d 776, 779 (Tenn. Crim. App. 1990).  Moreover, we may not substitute our own "inferences for those drawn by the trier of fact from circumstantial evidence."  Matthews, 805 S.W.2d at 779.  Finally, all questions involving the credibility of witnesses, the weight and value to be given the evidence, and all factual issues are resolved by the trier of fact, not an appellate court.  See State v. Morris, 24 S.W.3d 788, 795 (Tenn. 2000).

In the instant case, the appellant challenges the sufficiency of the evidence. Specifically, the appellant argues that "the evidence as a whole is insufficient to sustain a verdict of guilty" because the testimony of Mr. Harris, the eyewitness, was impeached by the testimony of the police officer who noted the similarities in the appellant's and Mr. Rice's cars. The appellant argues that the defense was able to call into question the credibility of Mr. Harris because his memory was "quite selective in that he did not recall all of the statements he gave to the police." Specifically, the appellant refers to prior testimony of Mr. Harris in which he stated that he saw the appellant's passenger drive away from the scene in "the white car." Further, the appellant argues that there were no fingerprints found in the victim's car that matched his and no blood evidence found on the appellant's clothing which would implicate him in the murder. The State counters that the evidence presented at trial was sufficient to support a conviction for first degree murder and that Mr. Harris' testimony was not impeached.

Tennessee Code Annotated section 39-13-202(a)(1) defines first degree murder in pertinent part as "a premeditated and intentional killing of another." Tennessee Code Annotated section 39-13-202(d) provides:

> As used in subdivision (a)(1) "premeditation" is an act done after the exercise of reflection and judgment. "Premeditation" means that the intent to kill must have been formed prior to the act itself. It is not necessary that the purpose to kill pre-exist in the mind of the accused for any definite period of time. The mental state of the accused at the time the accused allegedly decided to kill must be carefully considered in order to determine whether the accused was sufficiently free from excitement and passion as to be capable of premeditation.

Tenn. Code Ann.§ 39-13-202(d). Therefore, in order to convict the appellant of his indicted offense, the State was required to prove beyond a reasonable doubt that the defendant killed the victim with "premeditation." "[W]hether premeditation is present is a question of fact for the jury, and it may be inferred from the circumstances surrounding the" commission of the crime. State v. Billy Gene Debow, Sr., No. M1999-02678-CCA-R3-CD, 2000 WL 1137465, at *4 (Tenn. Crim. App. at Nashville, Aug. 2, 2000); see also State v. Jerry Ray Davidson, No. M1998-00105-SC-DDT-DD, 2003 WL 22398392, at *10 (Tenn. Oct. 20, 2003); State v. Bland, 958 S.W.2d 651, 660 (Tenn. 1997); State v. Anderson, 835 S.W.2d 600, 605 (Tenn. Crim. App. 1992). Some relevant factors that tend to support the existence of premeditation include: "the use of a deadly weapon upon an unarmed victim; the particular cruelty of the killing; declarations by the defendant of an intent to kill; evidence of procurement of a weapon; preparations before the killing for concealment of the crime, calmness immediately after the killing," and evidence that the victim was retreating or attempting to escape when killed. State v. Jerry Ray Davidson, 2003 WL 22398392, at *10; Bland, 958 S.W.2d at 660; see also State v. West, 844 S.W.2d 144, 148 (Tenn. 1992). "[T]he fact that repeated blows (or shots) were inflicted on the victim is not sufficient, by itself, to establish first-degree murder." State v. Brown, 836 S.W.2d 530, 542 (Tenn. 1992).

After a thorough review of the record, we find that there was sufficient evidence introduced at trial to support a finding that the defendant acted with premeditation. Viewing the evidence in the light most favorable to the State, the evidence establishes that there was an eyewitness to the murder who testified that in the early morning hours of August 20, 1995, he saw the appellant and Mr. Rice park their cars beside one another, driver's side door to driver's side door, so that they were facing each other. The eyewitness observed a conversation between the two men. He recognized the appellant from school. When Mr. Rice began to back his car up at the conclusion of the conversation, "gunfire went off." Following the shooting, the witness observed the appellant get into Mr. Rice's car, push Mr. Rice over, and drive the car away. The witness also saw the passenger driving the appellant's car behind the appellant in the victim's car. Ms. Champion saw a shotgun and shotgun shells in the appellant's car the day prior to the murder. A shotgun, which smelled of gunpowder, and shotgun shells, one live and one spent, were recovered from the appellant's bedroom and were of the same type found in Mr. Rice's body. The evidence therefore showed that the appellant utilized a deadly weapon to kill an unarmed Mr. Rice while he was retreating from the scene.

Although the appellant contends that the eyewitness testimony was impeached, this claim is contradicted by the evidence in the record. At trial, both Mr. Harris and the police testified that the appellant and Mr. Rice drove burgundy or maroon four-door cars. The appellant suggests that Mr. Harris was impeached by testimony from a prior hearing in which he testified he saw the appellant's passenger drive "the white car" away from the scene of the incident. Mr. Harris clarified his testimony by explaining that he stated "Dwight's car" and not "the white car." Consequently, Mr. Harris' testimony corroborated rather than contradicted the police testimony regarding the description of the car driven by the appellant.

Based on the evidence and testimony presented at trial, there was sufficient evidence that a rational trier of fact could have found the essential elements of first-degree murder beyond a reasonable doubt. This issue is without merit.

### Conclusion

Under these circumstances we conclude that the evidence is more than sufficient to sustain the verdict. Accordingly, the judgment of the trial court is affirmed.

_____
JERRY L. SMITH, JUDGE